Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS CRUMMETT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREYSTONE ALLIANCE, LLC,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692 et seq.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, THOMAS CRUMMETT ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of GREYSTONE ALLIANCE, LLC, ("Defendant" or "ACS"), in negligently, knowingly, and/or willfully communicating with Plaintiff and failing to provide Plaintiff with meaningful disclosure of Defendant's identity or the nature or purpose of Defendant's calls in violation of

Complaint - 1

the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## JURISDICTION & VENUE

2.     Jurisdiction of this Court arises under *15 U.S.C. §1692k (d)*.

3.     Venue is proper in the United States District Court for the Northern District of California because Defendant does business within the state of California and the county of San Clara.

## PARTIES

4.     Plaintiff, Thomas Crummett ("Plaintiff"), is a natural person residing in Santa Clara County, State of California and is a "consumer" as defined by the FDCPA, *15 U.S.C. §1692a(3)*.

5.     At all relevant times herein, Defendant, Greystone Alliance, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *15 U.S.C. §1692a(5)*. Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, *15 U.S.C. §1692a(6)*.

## FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone.

8.     On at least two (2) occasions within the last one calendar year, Defendant called Plaintiff's home telephone number in an attempt to collect the alleged debt and left a voice message on Plaintiff's home answering machine.

9. The voice messages left on Plaintiff's home telephone, were virtually identical messages left by Defendant's employee "James" and stated as follows:

> Hello, this is an important meant for Thomas Crummett. Thomas, this is James calling about an important business matter. Please call me back today at toll free 1-877-789-1771 and refer to reference number 5450006. I'll be here until 4pm today eastern time and would like the chance to speak with you. Thanks.[1]

10. Defendant's voice messages do not inform Plaintiff of Defendant's true and full business name.

11. Defendant's voice messages do not alert Plaintiff as to the purpose or reason for the Defendant's telephone calls.

12. Defendant's voice messages do not alert Plaintiff that Defendant is a debt collector.

## **CLASS ALLEGATIONS**

13. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant which resulted in Defendant leaving a voice message which failed to inform said person of Defendant's true and full business name and/or the nature or purpose for Defendant's call, or that Defendant is a debt collector, within the one year prior to the filing of this Complaint

14. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant which resulted in Defendant leaving a voice message which failed to inform said person of

---

[1] Plaintiff is in possession of true and correct copies of Defendant's messages and can provide a copy of said messages via Compact Disc ("CD") to this Honorable Court upon request.

Complaint - 3

Defendant's true and full business name and/or the nature or purpose for Defendant's call, or that Defendant is a debt collector within the one year prior to the filing of this Complaint

15. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

17. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said residents of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector;

    b. Whether Defendant has communicated with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said residents of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector; and

    c. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

18. As a person that received collection calls from Defendant wherein Defendant

fails to inform said residents of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector, Plaintiff is asserting claims that are typical of The Class.

19. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

20. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

21. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

22. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

### COUNT I: VIOLATION OF
### FAIR DEBT COLLECTION PRACTICES ACT
(By Plaintiff and the Class Against All Defendants)

23. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

24. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

    a) Placing telephone calls without providing meaningful disclosure of the caller's identity (§1692d(6)); and

    b) Failing to advise a consumer in all subsequent communications that Defendant is a debt collector.

25. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

26. As a direct and proximate result of Defendant's violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

27. The violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
2. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;
3. For reasonable attorneys' fees and costs of suit;
4. For prejudgment interest at the legal rate; and
5. For such further relief as this Court deems necessary, just, and proper.

|     |                              |                                          |
| --- | ---------------------------- | ---------------------------------------- |
| 1   |                              | Respectfully submitted,                  |
| 2   | Dated:  September 16, 2013   | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** |
| 4   |                              | **s/Todd M. Friedman**                   |
| 5   |                              | Todd M. Friedman                         |
|     |                              | Nicholas J. Bontrager                    |
| 6   |                              | Attorneys for Plaintiff                  |